NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-468

IN RE APPLICATION OF JIA.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Application of Jia,* Slip Opinion No. 2016-Ohio-468.]**

*Attorneys—Application for admission to the practice of law—Character and fitness—Violation of bar-exam rules by continuing to write after time is called—Application disapproved; reapplication permitted.*

(No. 2015-0538—Submitted June 10, 2015—Decided February 11, 2016.)

ON REPORT by the Board of Commissioners on Character and Fitness of the Supreme Court, No. 613.

_____

**Per Curiam.**

{¶ 1} Lingyu Jia of Columbus, Ohio, is a 2013 graduate of the Case Western Reserve University School of Law and has applied as a candidate for admission to the Ohio bar. On the recommendation of the admissions committee of the Columbus Bar Association, the Board of Commissioners on Character and Fitness approved Jia's character and fitness and permitted her to take the July 2014 bar exam.

**{¶ 2}** The Board of Commissioners on Character and Fitness sua sponte investigated Jia's character, fitness, and moral qualifications after the Board of Bar Examiners found that she had violated bar-exam rules by filling in one or more answers on the Multistate Bar Exam ("MBE") after time was called during each of the morning and afternoon sessions on July 30, 2014. Despite a penalty imposed for her misconduct by the Board of Bar Examiners, Jia passed the bar exam.

**{¶ 3}** After hearing Jia's testimony and considering the evidence adduced at a panel hearing, a panel of the character-and-fitness board recommended that we disapprove Jia's character, fitness, and moral qualifications for admission to the bar at this time but that she be permitted to submit an applicant's affidavit and a completed supplemental character questionnaire on or after May 1, 2016. The panel further recommended that Jia be sworn in as an attorney if the board determines that the affidavit and questionnaire reflect no further character and fitness issues. The board adopted the panel's findings of fact and recommendation.

**{¶ 4}** We adopt the board's findings of fact and disapprove Jia's character, fitness, and moral qualifications and her application for admission to the bar at this time but will permit her to seek admission on or after May 1, 2016.

### Facts and Procedural History

**{¶ 5}** Jia applied and sat for the July 2014 bar exam. On the second day of the exam, the MBE portion, the day was divided into a morning session and an afternoon session. During each session, the applicants were provided with 100 multiple-choice questions, for which they were to fill in a bubble on the provided answer sheet.

**{¶ 6}** The applicants were seated two to a table, diagonally positioned with one applicant on each side of the table. As the morning session wound down, and consistent with the written and verbal instructions provided to all applicants, the director of the Office of Bar Admissions gave a warning five minutes before the session was to end. Jia received, heard, and understood the instructions. But when

the bar-exam official gave the stop command, Jia continued to fill in bubbles after time was called.

**{¶ 7}** The male applicant sitting at an adjacent table to the left of and facing Jia testified that he looked over and observed Jia fill in about three bubbles after time was called. He did not immediately report his observation to a proctor, though he did ask a female applicant at his table—whom he did not know prior to the exam—if she had observed Jia writing after the command to stop. She replied that she had not. Jia does not dispute that she continued to write after time was called at the end of the morning session, but she testified that she filled in just one bubble.

**{¶ 8}** During the afternoon session, the bar-exam official once again gave a five-minute warning before the end of the session. Five minutes later, she instructed the applicants to stop writing and place their materials in the upper-left-hand corner of the table. Because of the conversation between the male and female applicants at the adjacent table following the morning session, the two applicants looked in Jia's direction to see if she would again write after time was called. Both of the applicants at the adjacent table testified that Jia filled in one bubble after time was called. The next morning, the female applicant advised a proctor of her observations. Jia testified that she was certain that she did not write past the allotted time during the afternoon session.

**{¶ 9}** The third and final day of the bar exam was a morning-only session consisting of six essay questions that were distributed two at a time. The applicants were permitted to type their answers to the essay questions using a laptop computer program.

**{¶ 10}** Because the female applicant reported her observations the previous day, Rosey White, a 13-year employee of the Office of Bar Admissions and a proctor for the exam, approached Jia's table at the end of the time allotted for the first two essay questions. According to White's testimony, after the instruction to exit the program had been given, she observed that Jia did not remove her hands

from the keyboard and let them hover over it as if she were going to continue typing—but she did not continue to type. White approached Jia, placed her hand on Jia's shoulder or desk, and gave her a command to stop. After receiving the verbal command, Jia removed her hands from the keyboard and then exited the essay program. Neither the adjacent applicants nor the proctor observed Jia typing past the allotted time in either of the remaining essay sessions.

{¶ 11} Following the bar exam, the male applicant sent an e-mail to the director of the Office of Bar Admissions advising her of his observations. His report triggered an investigation by the office and the Board of Bar Examiners.

{¶ 12} A panel of the Board of Bar Examiners conducted a hearing on September 19, 2014, and heard testimony from Jia, both applicants at the adjacent table, the other applicant who was seated at Jia's table, and the proctor who observed Jia on the third day of the exam. Based on that testimony, the panel found that Jia knowingly violated bar-exam rules by filling in one or more answers on the MBE after time was called at both the morning and afternoon sessions but that there was insufficient evidence to conclude that she violated any rule on the third day of the bar exam. The panel also noted that Jia expressed remorse and apologized to the board for her actions.

{¶ 13} The Board of Bar Examiners adopted the panel report and imposed a 16.7-percent penalty on the MBE portion of Jia's exam—a sanction comparable to those imposed on applicants who had been determined to have written after time was called on an essay question. Even with that penalty, Jia's score was high enough to pass the bar exam, but the Board of Bar Examiners referred the matter to the Board of Commissioners on Character and Fitness for further review.

{¶ 14} At the character-and-fitness panel hearing, Jia and the applicants from the adjacent table gave testimony largely consistent with their testimony before the Board of Bar Examiners. The panel found the testimony of the applicants from the adjacent table to be credible but could not determine whether Jia's

testimony was intentionally inaccurate or whether her recollection of the events was clouded by the stress of taking the bar exam. Consistent with the conclusion of the Board of Bar Examiners, the character-and-fitness panel determined that Jia continued to write after time was called on two separate occasions on the second day of the bar exam and that she had, therefore, failed to prove that she currently possesses the requisite character, fitness, and moral qualifications for admission to the practice of law in Ohio.

{¶ 15} Consequently, the panel recommended that we disapprove Jia's pending application to be admitted to the Ohio bar. The panel further recommended that Jia be permitted to submit an applicant's affidavit and a newly completed supplemental character questionnaire on or after May 1, 2016, and that Jia be sworn in as an attorney if the board determines that those documents reflect no further character and fitness issues. The Board of Commissioners on Character and Fitness adopted the panel's recommendation in its entirety.

**Disposition**

{¶ 16} An applicant to the Ohio bar must prove by clear and convincing evidence that he or she "possesses the requisite character, fitness, and moral qualifications for admission to the practice of law." Gov.Bar R. I(11)(D)(1). The applicant's record must "justif[y] the trust of clients, adversaries, courts, and others with respect to the professional duties owed to them." Gov.Bar R. I(11)(D)(3). "A record manifesting a significant deficiency in the honesty, trustworthiness, diligence, or reliability of an applicant may constitute a basis for disapproval of the applicant." *Id.*

{¶ 17} Applicants must establish the ability to exercise good judgment in conducting their professional business affairs; the ability to conduct themselves with a high degree of honesty, integrity, and trustworthiness in their professional relationships and with respect to all legal obligations; the ability to conduct themselves with respect for and in accordance with the law and the Ohio Rules of

Professional Conduct; the ability to comply with deadlines and time constraints; and the ability to conduct themselves professionally and in a manner that engenders respect for the law and the profession. Supreme Court of Ohio, *Definitions of Essential Eligibility Requirements for the Practice of Law*, http://www.supremecourt.ohio.gov/AttySvcs/admissions/pdf/ESSENTIAL_ELIG IBILITY_REQUIREMENTS.pdf (accessed Dec. 29, 2015) (Nos. 3, 4, 5, 9, and 10). Because the evidence shows that Jia continued to write after time was called on two separate occasions during the bar exam, we agree that she has failed to satisfy her burden.

{¶ 18} Accordingly, we adopt the character-and-fitness board's finding that in light of her conduct during the bar exam, Jia has failed to prove that she currently possesses the requisite character, fitness, and moral qualifications for admission to the practice of law in Ohio. Consequently, we disapprove Jia's application at this time. However, Jia may submit an applicant's affidavit and a newly completed supplemental character questionnaire to the Office of Bar Admissions on or after May 1, 2016, and if those documents reveal no further character and fitness issues, Jia may be sworn in as a member of the Ohio bar.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Kegler, Brown, Hill & Ritter, L.P.A., and Jonathan E. Coughlan, for applicant.

Vorys, Sater, Seymour & Pease, L.L.P., and Michael R. Thomas, for Columbus Bar Association.

_____

6